IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT FLATEN, <br><br> Plaintiff <br><br> vs. <br><br> AMERICAN TELEPHONE & TELEGRAPH COMPANY, formerly known as Cingular Wireless, <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ROBERT FLATEN, by and through his attorneys, Polachek & Polachek, brings this action against Defendant AMERICAN TELEPHONE & TELEGRAPH COMPANY ("AT&T"), formerly known as Cingular Wireless, and alleges and states as follows:

### Nature of the Claims

This action arises under Title I of the Americans with Disabilities Act of 1990 ("ADA") to correct Defendant's unlawful employment practices and to make Plaintiff whole. Defendant AT&T discriminated against Plaintiff by terminating him from employment for absenteeism due to the onset of a seizure disorder in violation of the ADA. Defendant violated and interfered with Plaintiff's rights under the ADA.

### Jurisdiction and Venue

1. This action arises under and jurisdiction is conferred upon this Court by virtue of The Americans with Disability Act of 1990, 42 U.S.C. Sections 12101 et seq.

2. All conditions precedent to jurisdiction under 42 U.S.C. Sections 12101 et seq. have occurred or been complied with, *to wit*: a charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unfair employment practice (Exhibit A); a Notice of Right to Sue, which was originally issued by the EEOC on August 17, 2005 (Exhibit B); and this Complaint has been filed within 90 days of receipt of that Notice.

The Parties

3. Plaintiff ROBERT FLATEN ("Plaintiff" or "Robert") is an individual residing in the state of Illinois and this District. He was employed by Defendant as a retail associate. At all times relevant, Plaintiff met or exceeded Defendant's business expectations.

4. Defendant AMERICAN TELEPHONE & TELEGRAPH COMPANY ("Defendant" or "AT&T") is an organization that does business in this District. It provides retail cellular phones and accessories and service to the public. At all times relevant, Defendant has been doing business in the state of Illinois and this District.

5. AT&T is an "employer" within the meaning of the ADA and employs in excess of 50 employees.

6. On or about April 14, 2005, Robert called work and advised his superior, Mohan Jacob, that he would not be able to work because he had a seizure and was hospitalized at Centgegra Northern Illinois Medical Center, McHenry, Illinois. Thereafter, Robert's mother called his employer on a number of occasions and told his employer that Robert would not be able to work because he was hospitalized due to the seizures and was seeking diagnosis of the cause of the seizures.

7. On or about April 17, 2005, Robert was released from Centegra Northern Illinois Medical Center and obtained an appointment with his neurologist for April 18, 2005.

8. On April 17, 2005, in the early afternoon, Robert received a call from his supervisor, Mohan Jacob, advising Robert that he must report to work the next day, April 18, 2005.

9. Robert advised his supervisor, Mohan Jacob, that he had not been released to return to work by his physician and that he had an appointment with his neurologist on April 18, 2005.

10. Thereafter, Robert's supervisor, Mohan Jacob, advised him that if he did not appear at work on April 18, 2005, he was "out of luck" and his employment would be terminated.

11. Thereafter, Robert was advised by the Defendant that his absence from work was being construed as an abandonment of his employment and that his employment was terminated on May 12, 2005.

12. Had Defendant not terminated his employment, Robert would have returned to work upon release to return to work by his physician.

13. Thereafter, Defendant terminated Robert's employment because he: (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such impairment; or (3) was regarded as having such an impairment.

14. At the time Defendant terminated Robert, Defendant knew of Robert's diagnosis of epilepsy or seizure disorder.

15. At the time that Robert was terminated, Defendant knew that Robert wanted to continue working for Defendant.

16. At all times relevant, since he was employed by Defendant, Robert successfully performed his job and was capable of performing essential functions of his job either with or without accommodation.

17. As a result of Defendant's unlawful and discriminatory conduct, Robert has lost back pay as well as other benefits.

18. Defendant's unlawful termination of Robert has caused him to suffer significant emotional and psychological harm and humiliation, entitling Plaintiff to an award of compensatory damages.

19. Defendant's discriminatory conduct is willful, wanton and retaliatory, and is designed to deprive him of his rights guaranteed under 42 U.S.C. Sections 12101 et seq., thereby entitling Robert to an award of punitive damages.

WHEREFORE, Plaintiff ROBERT FLATEN requests this Court:

A. Order that Plaintiff be made whole for his lost wages and other benefits, and future pay plus interest in an amount found to be owed to him, suffered as a result of his termination of employment on April 18, 2005:

B. Grant an award of compensatory damages;

C. Grant an award of punitive damages;

D. Award Plaintiff's attorney's fees and costs of this suit; and

E. Grant Plaintiff such other relief as this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL CLAIMS CONTAINED IN THIS COMPLAINT.**

Respectfully submitted,

ROBERT FLATEN

by: _____
R. Steven Polachek, his attorney

R. STEVEN POLACHEK
POLACHEK & POLACHEK
Attorneys for Plaintiff
1000 Hart Road
Suite 300
Barrington, IL 60010
(847) 381-2242

5